UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MR. NASEAN NAPOLEON BONIE, East Big Sean,

Plaintiff,

v.

NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al.,

Defendants.

26-CV-86-LJV
ORDER

The pro se plaintiff, Nasean Napoleon Bonie, is a prisoner confined at the Attica Correctional Facility. On January 14, 2026, he filed a complaint asserting claims under 42 U.S.C. § 1983, Docket Item 1, and he moved to proceed in forma pauperis ("IFP")—that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it. Docket Item 2.

On March 3, 2026, United States District Judge John L. Sinatra, Jr., denied the IFP motion and directed Bonie to file a new IFP motion and an amended complaint for two reasons. First, Judge Sinatra found that Bonie's IFP motion was incomplete because it did not include the certification of Bonie's inmate trust account (or institutional equivalent) required under 28 U.S.C. § 1915(a)(2). *See* Docket Item 3 at 5. Second, Judge Sinatra observed that language in the IFP motion and the complaint clearly evidenced that Bonie had filed this litigation in "bad faith" and was an "abuse of the judicial process." *See id.* at 7.

Indeed, Judge Sinatra found that the IFP motion and complaint were "replete with foul language, expletives, jokes, sarcasm, and other comments that make a mockery of [Bonie's IFP] application and complaint and . . . abuse . . . the judicial process." *Id.* at 1-2. Judge Sinatra specified inappropriate language in the IFP motion and complaint,[1] *id.* at 3-5, noted that "this [was] an 'extreme' case of misrepresentation," and found that "dismissal with prejudice of this action [was] warranted." *Id.* at 8. Nevertheless, Judge Sinatra gave Bonie "an opportunity to file a new IFP application and amended complaint before dismissing this action with prejudice." *Id.*

Judge Sinatra therefore ordered the Clerk of the Court to administratively close Bonie's case but with the right to reopen within 30 days by filing an amended complaint and either (a) filing a properly supported IFP motion with the required certification of Bonie's inmate trust account (or institutional equivalent) completed and signed by prison officials, *see* 28 U.S.C. § 1915(a)(2), or (b) paying the $350.00 filing fee and $55.00 administrative fee ($405.00 total), *see id.*, § 1914. Docket Item 3 at 8-10. Judge Sinatra explicitly warned Bonie that if he "continues to engage in bad faith and abusive conduct or use sarcastic, derogatory or foul language in either his new IFP application or amended complaint, this action w[ould] be dismissed with prejudice and he w[ould] be subject[] to additional sanctions that may include an injunction prohibiting the filing of any actions in this Court in the future without Court permission, monetary fines, or other appropriate sanctions the Court finds warranted."[2] *Id.* at 8.

---

[1] Bonie's familiarity with the decision and order is presumed.

[2] Additionally, if a prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed because it was frivolous or malicious or because it failed to state a claim upon which relief may be granted, he or she will not be permitted to bring another action in forma pauperis unless

Bonie has since submitted a new IFP motion, Docket Item 5—still incomplete because it does not contain the required certification of Bonie's inmate trust account (or institutional equivalent) completed and signed by prison officials—and an amended complaint, Docket Item 6. But Bonie now has sued Judge Sinatra and his staff because Judge Sinatra's decision and order apparently misspelled Bonie's middle name ("Napoleon" not "Napolean"). Docket Item 6 at 1. Because Judge Sinatra now is a named defendant, he has recused himself, Docket Item 7, and the matter has been assigned to this Court.

Bonie's suit against Judge Sinatra and his staff has no basis, *see, e.g.*, *Mireles v. Waco*, 502 U.S. 9 (1991) (affirming that it is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities); *Gammons v. Cody*, 2025 WL 2722411, at *4 (N.D.N.Y. Sept. 2, 2025) ("The vast breadth of judicial immunity also protects judicial staff." (citing *Rodriguez v. Weprin*, 116 F.3d 62, 66-67 (2d Cir. 1997))), *report and recommendation adopted*, 2025 WL 2719776 (N.D.N.Y. Sept. 24, 2025), and naming new defendants based on a misspelling seems to be a continuation of what Judge Sinatra found to be abusive and vexatious conduct. Nevertheless, this Court will not dismiss Bonie's action because, for the most part, he has heeded Judge Sinatra's warnings and omitted the inappropriate language that was in his original submissions.

But as noted above, the new IFP motion again fails to include the required certification of Bonie's inmate trust account (or institutional equivalent) completed and

---

he or she is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

signed by prison officials.[3] In light of Bonie's pro se status, the Court will give him another chance to submit the missing certification. Bonie has 30 days from the date of this order to either (1) submit a new IFP motion that includes the required certification of Bonie's inmate trust account (or institutional equivalent) completed and signed by prison officials or (2) pay the $350.00 filing fee and the $55.00 administrative fee ($405.00 total). If he does not do so, this case will be dismissed without prejudice. *See Leonard v. Lacy*, 88 F.3d 181, 187-88 (2d Cir. 1996).

Finally, only time will tell whether Bonie will truly heed Judge Sinatra's warnings. But Bonie is cautioned that any failure to heed Judge Sinatra's warnings in this or any other litigation he may file in this Court will lead to sanctions that may include dismissal of pending lawsuits, an injunction prohibiting any filings without court permission, fines, and any other penalties this Court deems appropriate.

[3] A prisoner seeking to proceed in forma pauperis must submit a signed authorization form permitting the institution in which the prisoner is confined to pay—over time, if necessary—the $350.00 filing fee from the prisoner's trust fund account (or institutional equivalent). *See* 28 U.S.C. § 1915(b)(1)-(4). In other words, even if the prisoner is granted in forma pauperis status, the prisoner still must pay the full $350.00 filing fee in installments. *See* 28 U.S.C. § 1915(b)(1)-(2). The initial payment will be 20% of the average monthly deposits to the prisoner's account or 20% of the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *See* 28 U.S.C. § 1915(b)(1). For each month after that, as long as the amount in the prisoner's account exceeds $10.00, the agency having custody of the prisoner will deduct from the prisoner's account and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income that was credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). Those payments continue until the $350.00 fee is paid in full. *Id.*

**ORDER**

In light of the above, IT IS HEREBY

ORDERED that the Clerk of the Court shall administratively terminate this action without filing the complaint and amended complaint or assessing a filing fee; and it is further

ORDERED that the Clerk of the Court shall send to Bonie (1) a copy of this order; (2) a copy of Judge Sinatra's order of March 3, 2026, Docket Item 3, detailing the requirements of a motion to proceed in forma pauperis; and (3) and an IFP motion form; and it is further

ORDERED that if Bonie wishes to reopen this action, he shall so notify this Court, in writing, no later than 30 days from the date of this order. This writing must include either (1) the required certification of Bonie's inmate trust account (or institutional equivalent) completed and signed by prison officials or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total); and it is further

ORDERED that upon Bonie's submission of either (1) the required certification of Bonie's inmate trust account (or institutional equivalent) completed and signed by prison officials or (2) the $350.00 filing fee and the $55.00 administrative fee ($405.00 total), the Clerk of the Court shall reopen this case; and it is further

ORDERED that if Bonie does not reopen this action within 30 days of this order, the action shall be dismissed without prejudice, and the Clerk of the Court shall close this case.

SO ORDERED.

Dated: October 30, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE